NOT FOR PUBLICATION



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARDINO TORIJANO-RUIZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.: 09-3288 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court on the petition for habeas corpus under 28 U.S.C. § 2255 by Petitioner Bernardino Torijano-Ruiz ("Petitioner" or "Torijano-Ruiz"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, the petition is denied.

## INTRODUCTION

Petitioner pled guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2) on January 3, 2008. Petitioner, with the aid of an interpreter and his counsel, asserted that he understood the charges against him, the potential sentence he could be subject to, was aware that he could be deported as a result of his plea, and that he waived his constitutional right to a trial. In the plea colloquy, Petitioner admitted that he was convicted of a felony in the United States in 1993, deported in 1995, and re-entered the United States without permission of the Attorney General.

1

This Court sentenced Petitioner on June 17, 2008 to 77 months of imprisonment, which was within the advisory guidelines range determined by the offense level and Petitioner's criminal history category. Petitioner did not directly appeal his conviction.

Petitioner filed a timely petition under 28 U.S.C. § 2255 on July 7, 2009, collaterally attacking the judgment of this Court. Following a notice issued by this Court pursuant to United States v. Miller, Torijano-Ruiz amended his petition on October 13, 2009. 197 F.3d 644 (3d Cir. 1999). The Government answered the Petition on December 24, 2009.

## DISCUSSION

**A.     Legal Standard**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, Petitioner is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution.

In considering the instant § 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, 270 F. App'x 141, 143 (3d Cir. 2008) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)) (unreported). Moreover, this Court "must order an evidentiary

2

hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

Torijano-Ruiz asserts that his counsel was ineffective for failing to conduct an adequate investigation prior to his guilty plea and because his counsel failed to advise him of his right to contact his consulate as a foreign national. (Pet. at 5, 8.) He also claims that his plea was not knowing and voluntary because he did not understand the charges and because he was not told of the potential consequences of his plea. (Pet. at 6, 9, 15.)

**B.      Knowing and Voluntary Nature of Petitioner's Plea**

"In order for a guilty plea to comply with the requirements of the Due Process Clause of the Fifth Amendment, it must be knowing, voluntary and intelligent." United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008). Rule 11 requires the court to engage in a colloquy with the defendant related to the plea's factual basis, the voluntariness of the defendant, and the defendant's understanding concerning trial rights and the consequences of a plea. Fed. R. Crim. P. 11(b-c); Tidwell, 521 F.3d at 251.

Petitioner pled guilty on January 3, 2008. This Court finds that Petitioner's plea was knowing and voluntary under Tidwell. He was convicted of illegally re-entering the United States in violation of 8 U.S.C. S. 1326(b)(2), and was informed during his plea colloquy of the maximum 20-year sentence that this Court could impose. (Tr. of Jan. 3, 2008 at 15.) During the colloquy, Petioner admitted that he had previously been convicted on July 16, 1993 of a felony. (Id. at 18.) This Court also made clear to Petitioner that there was no parole in the federal system, and that he faced deportation if he pled guilty. (Id. at 16-17.) There was no indication

3

from the transcript of the proceedings that Petitioner did not understand what was occurring. Furthermore, this Court finds that Petitioner's plea colloquy satisfied the requirements of both Tidwell and Rule 11. (Tr. of Jan. 3, 2008, passim.) Torijano-Ruiz's assertion that his plea was other than knowing, intelligent, and voluntary is, therefore, without merit and his petition is denied on that basis.

C.   **Ineffective Assistance of Counsel**

Torijano-Ruiz claims that his counsel was ineffective for failure to investigate properly, for failure to offer consular contact, and because counsel advised him not to appeal his guilty plea. To succeed on an ineffective assistance of counsel argument, "a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (applying Strickland v. Washington, 466 U.S. 668 (1984)).

Torijano-Ruiz cannot succeed in demonstrating prejudice under the second prong of Strickland with respect to any of his claims. First, Petitioner does not offer any example of a failure of his counsel to investigate, nor does he offer any specific theory his counsel failed to pursue in the pre-plea investigation. (Pet. at 5.) Conclusory allegations in a habeas petition, without more, "may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Petitioner is not, therefore, entitled to issuance of the writ on his failure to investigate claim.

Second, with respect to Petitioner's right to consular notice under the Vienna Convention, the Government has supplied this Court with proof that after his arrest for being in the United

4

States illegally, Petitioner was apprised of his "right to communicate with the consular or diplomatic officer from [his] country." (Supp. Gov't Br. at 2-4.) As Petitioner was given actual notice of his right to consular notification, and was given same with the assistance of an interpreter, this Court finds that even if Petitioner's counsel failed to notify his of this right, such failure does not amount to prejudice under Strickland.

Finally, Torijano-Ruiz's claim regarding his right to appeal also fails. Although Torijano-Ruiz did not waive his rights to appeal or collaterally attack his sentence in his plea agreement, he admitted guilt as to the crime he was sentenced for in his plea agreement and colloquy. (Tr. of Jan. 3, 2008 at 18-22.) Given that fact, and his failure to supply any detail with respect to his potential appeal or any reasons why such an appeal would have had merit, this Court finds that Torijano-Ruiz cannot "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The petition is denied, therefore, on Petitioner's ineffective assistance of counsel claims. Furthermore, as Petitioner has raised no substantial constitutional issues upon which reasonable jurists could disagree, no certificate of appealability shall issue. Tennard v. Dretke, 542 U.S. 274, 288-89 (2004).

## CONCLUSION

For the reasons heretofore given, the petition is denied. An appropriate Order accompanies this Opinion.

DATED: June 6, 2010            /s/ Jose L. Linares
                               United States District Judge